IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                      Plaintiff,                            ORDER

    v.

                                                      08-cr-10-bbc

CORIN CRAMER,

                      Defendant.
_____

        According to the government, while defendant Corin Cramer was on federal supervised release in this district, he sold cocaine to an informant in Madison on June 30, July 14 and July 26, 2004. On September 13, 2004, Cramer's supervised release was revoked and he remained imprisoned until April 12, 2007. Ten weeks later, on June 21, 2007, Cramer allegedly sold cocaine to a different informant in Tomah, about 100 miles northwest of Madison. The grand jury has charged Cramer with all four sales in one indictment. Before the court is Cramer's motion to sever Count 4 from the rest pursuant to F.Rs. Crim. Pro. 8(a) and 14. Cramer alleges that joinder is improper and prejudicial because the alleged cocaine sale in Count 4 was to a different buyer in a different town almost three years after the first three sales. The government opposes the motion. For the reasons stated below, I am denying Cramer's motion.

        Courts have a strong, valid interest in favor of joining offenses for trial due to the inherent efficiencies. *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007); *United States v. Stokes*, 211 F.3d 1039, 1042-43 (7th Cir. 2000). Rule 8(a) allows the government to join separate charges in one indictment if the offenses charged are of the same or similar character or are based on a set of acts or transactions connected together or constituting parts of a common scheme or plan. Although courts should be chary of government attempts to join essentially discrete, unconnected events with slight temporal proximity, *see United States v.*

*Coleman*, 22 F.3d 126, 132 (7th Cir. 1994), the language in Rule 8(a) provides a clear directive to compare the offenses charged for categorical–not evidentiary–similarities, with temporal proximity assuming a secondary or even tertiary role in the analysis. In other words, Rule 8 represents a strong preference, in language and policy, for broadly construing the propriety of joinder as an initial matter. *Id.* at 133-34. Because the grand jury has charged Cramer with four counts of selling cocaine in violation of 21 U.S.C. § 841, joinder under Rule 8(a) is appropriate, notwithstanding Cramer's contention that Count 4 is a discrete transaction.

Rule 14 remains a source of possible relief for Cramer because it allows the court to separate counts into separate trials if their joinder appears to prejudice the defendant. Given the almost mechanical, objective analysis undertaken pursuant to Rule 8(a), courts must ensure that their subjective analysis under Rule 14 is more flexible: they must analyze vigilantly claims of unfair joinder and must not hesitate to order severance if the risk of real prejudice grows too large to justify whatever efficiencies a joint trial provides. *Coleman*, 22 F.3d at 134. The risk of prejudice is high in a case where totally unrelated, similar offenses are joined at trial. But this risk is ameliorated when the evidence as to each count is short and simple and there is no reasonable ground to fear that the jury will not keep separate what evidence was relevant to which count. *Id.*

Cramer has pointed to the evidentiary differences between Count 4 and the first three counts but he hasn't made a case for why these differences are prejudicial to him. By way of comparison, in *United States v. Seymour*, 519 F.3d 700, 711 (7th Cir. 2008), the grand jury charged defendants with being members of a 24/7 crack-selling organization that operated for

over a decade, with at least one participant delivering crack to shift supervisors two to four times each day. If we trust juries in cases like *Seymour* to reach fair verdicts when the evidence establishes daily drug sales by many defendants for over ten years, why shouldn't we trust a jury to reach a fair verdict at Cramer's solo trial on four discrete drug sales in three years? Perhaps the time gap makes a difference: the first three alleged sales in this case occurred in 30 days, followed by a 35 month gap before alleged sale number 4. Cramer's return to prison provides a logical and satisfactory explanation for this gap but it is an explanation the jury is unlikely to hear because it smacks headfirst into F.R. Ev. 403.

So the pertinent question is: how would the unexplained three year gap between sales 3 and 4 actually prejudice the jury against Cramer? Cramer hasn't offered any specifics, the doctrine of *res ipsa loquitur* does not apply, and on these facts, I cannot hypothesize a scenario sufficiently prejudicial to lead me to break this case into two trials with two juries on two days. The facts currently available to this court suggest that Cramer's avocation is drug salesman and that he has more than one customer in more than one city. Analogizing *Seymour* again, if the grand jury had charged that for three years Cramer repeatedly had sold cocaine to regular customers in Madison, Mauston and Tomah, it is extraordinarily unlikely that the court would sever the counts into units based on customers or their home towns. The fact that Cramer took a three-year vacation from his business, courtesy of this court and the BOP, does not establish that the post-prison sale is so unrelated to the earlier sales that it would prejudice Cramer's rights if this court did not try the Tomah sale separately.

At the close of the trial the court will instruct the jury to give separate consideration to each charge.  This is sufficient to safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence.  *United State v. Alexander*, 135 F.3d 470, 478 (7th Cir. 1998).  To state this proposition in this situation is to refute its applicability: the jury will have no difficulty compartmentalizing Count 4 separately from the other counts.  The bottom line is that neither Rule 8 nor Rule 14 militates toward severance of Count 4.

### ORDER

It is ORDERED that defendant Cory Cramer's motion for severance is DENIED.

Entered this 17th day of July, 2008.

              BY THE COURT:

               /s/
              _____
              STEPHEN L. CROCKER
              Magistrate Judge